Ex parte Jesús Casellas Torres, Petitioner and Appellant. Ex parte Aníbal Arzuaga Casellas and Jesús Casellas Torres, Petitioners and Appellants. Ex parte Aníbal Arzuaga Casellas, Petitioner and Appellant.

Nos. 8228, 8229 and 8230. Argued February 21, 1941.— Decided February 24, 1941.

*Villamil. & Santana Becerra,* for petitioners. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney* and *Luis Ñegrón Fernández, Assistant Prosecuting Attorney,* for The People of Puerto Rico.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

By agreement of the parties, the same as in the lower court, these three appeals were heard jointly, and therefore the one issue of law raised in the same will be decided in this opinion.

Appellants, Aníbal Arzuaga Casellas and Jesús Casellas Torres, were charged in the Municipal Court of San Juan with an offense of aggravated assault, committed jointly with other defendants, and besides that, each one of them was charged separately with an offense of carrying forbidden weapons. The cases having been set for trial, appellants appeared in the municipal court and, without the assistance of counsel, plead guilty when arraigned; while the other co-defendants, represented by Attorney Carlos Santana Becerra, plead not guilty. The court then proceeded to hear the cases against the co-defendants, and after the evidence had filed before the court, all the defendants were found guilty, the appellants herein having been sentenced to six months in jail, while the other defendants were sentenced to two years in jail, in each case.

Appellants filed three petitions of habes corpus in the District Court of San Juan alleging, in substance, that they were illegally deprived of their liberty because the judgments rendered against them were null and void, due to the fact that the municipal court acted without jurisdiction in failing to warn them of their right to be represented by an attorney, and defendants themselves had not waived intelligently said right, with the result that basic provisions of the Constitution of the United States (Amendments V and VI), of the Organic Act of Puerto Rico (Section 2, subdivision 2) and

Section 141 of the Code of Criminal Procedure, were violated. After the corresponding writs were issued, the trial held and the evidence presented, the lower court rendered judgment in each case denying the petitions, from which judgments petitioners appealed to this Court.

The sole error assigned by appellants reads thus:

"The lower court erred in denying the petitions of habeas corpus for the reason that petitioners waived freely, voluntarily and competently their right to be assisted by counsel when they plead guilty."

The trial judge, while analyzing the evidence presented at the trial, states in his opinion:

"The evidence presented in this case shows that petitioners, freely and voluntarily, plead guilty to the offense with which they were charged, consisting in that on or about the 8th of June of 1937, petitioners together with Raimundo Díaz, Santiago Nieves, Julio Monge Hernández, Dionisio Vélez Avilés and Juan Bautista Colón, in the Municipality of San Juan, and with intent to inflict serious personal injury, assaulted with pistols and revolvers the human being Hon. Robert A. Cooper, Judge of the Federal Court; said evidence further shows that they had been represented by their cousin, Attorney Villamil, *not only in this case,* but also in proceedings instituted in the Federal Court at about this time against petitioners, in which proceedings petitioners also plead guilty; *that Attorney Villamil talked with the judge of the Municipal Court of San Juan, Third Section, The Hon. Rafael González, informing him of his desire to enter a plea of guilty on behalf of the petitioners, and asked said judge to be lenient with the latter;* that the other defendants plead not guilty and after the trial, in which they were assisted by Attorney Santana Becerra, were each sentenced to two years in jail; and finally that Judge González, in spite of the defendants' admission of guilt, did not sentence them until he had heard all the evidence presented against the other defendants." (Italics supplied.)

And further on the court expressed itself as follows:

"In none of the cases decided by our Supreme Court and which we cite here, are the facts the same as those of the instant case, *in which petitioners had the assistance of counsel.*" (Italics supplied.)

Summarizing its criterion, at the end of the opinion the court says:

"Being as we are, convinced that the parties freely, voluntarily, intelligently and competently waived their right to be assisted by counsel when they plead guilty, as well as that before they made said admission they were represented and advised by their cousin, Attorney Angel Villamil, who also represents them in the present action, we must deny the petition of habeas corpus..."

The conclusion to which the trial judge arrived is fully upheld by the evidence which filed before him. The transcript of the evidence shows that Attorney Angel Villamil is a cousin of appellants and that he was their lawyer in a prosecution which for an offense of conspiracy, related to the same facts which motivated the complaints filed in the municipal court, was instituted against them and the other defendants in the Federal Court, the appellants having also plead guilty in said proceeding; the evidence also shows that Attorney Villamil, while acting as appellants' counsel, held several interviews with the judge of the municipal court, Hon. Rafael González, with respect to the aid which the two defendants had given in the prosecution and investigation of the case and that Attorney Villamil told the judge that the defendants were going to plead guilty and that the court should be lenient when it imposed sentence, since "these defendants, Aníbal Arzuaga and Jesús Casellas, had cooperated with the Federal Government in the investigation. of the assault" (T. of E. 36 and 37); that the court, taking this into consideration, imposed on them a more lenient sentence (T. of E. p. 40); that appellants knew, through their relatives, that Attorney Villamil was representing them in the municipal court and that although he did not appear in court on the day of the trial, defendants pleaded guilty voluntarily and without any compulsion, taking into consideration that in so doing, the court would be more lenient in the imposition of the penalty, as it in fact was. Appellants' own counsel,

Attorney Santana, while testifying as a witness in the lower court, expressed himself as follows:

"I can assure this court that in the Federal Court as well as in the trial of this case in the municipal court, my colleague Villamil intervened to a certain extent in the representation of these two petitioners. I have not the slightest doubt that my colleague Villamil may have held conferences with Judge González to that respect. Of that I have not the slightest doubt. (T. of E. 48).

It was also shown in the lower court that the defendant Aníbal Arzuaga Casellas was nineteen years of age and was studying his second year of Liberal Arts, that is, his second year of pre-legal studies, and that the other defendant was twenty-five years old and was a graduate of the eighth grade.

This Court has repeatedly held, since the Supreme Court of the United. States decided the case of *Johnson* v. *Zerbst,* 304 U. S. 458, 82 L. ed. 1461, that: "When an accused who appears before the court *a quo* without an attorney is not told of his constitutional right of being represented by an attorney, he puts up no defense *and there is nothing to indicate that he waived his right competently and intelligently,* said court no longer has jurisdiction to continue the proceedings to a conviction and sentence." *Ex Parte Rodríguez,* 55 P.R.R. 403, 405. (Italics supplied.)

We are of the opinion that, under the special facts which are present in the case at bar, appellants were represented by their Attorney Angel Villamil from the time that these prosecution were begun against them, in the Federal Court as well as in the municipal court; that acting as said lawyer of the defendants, Attorney Villamil, after they had pleaded guilty before the Federal Court, saw Judge González several times and told him about the defendants' wish to plead guilty, taking steps to obtain a lenient sentence, with due regard to defendants' cooperation in the investigation of the assault against Judge Cooper. With these facts as a basis, can it be maintained, as appellants wish, that they did not

waive competently and intelligently their right to be assisted by counsel at the moment of pleading guilty? We do not think so. Since Judge González knew through Attorney Villamil, acting as defendants' lawyer that they were going to plead guilty, as they had done in the Federal Court, he was relieved of his duty to ask them if they had counsel for their defense or of informing them of their right to have one appointed by the court. Judge González had sufficient grounds to believe that defendants' admission of guilt was the result of the advice of Attorney Villamil and when he sentenced them to six months in jail, a penalty more lenient than that of two years in jail imposed on the other defendants, they reached the objective which their voluntary action had sought.

We think that appellants did not present before the lower court that preponderance of evidence which is indicated in the case of *Johnson* v. *Zerbst, supra* to be necessary to prove that they did not waive competently and intelligently their constitutional right to be represented by counsel while pleading guilty and thus destroy the efficacy of the judgments rendered against them. We have read the cases cited by the attorney for the appellants in his brief and in general, we agree with the doctrine set out in said cases, since it is the same which this Court has applied in the cases of *Ex parte Hernández,* 54 P.R.R. 396; *Santiago Andino* v. *District Court,* 54 P.R.R. 577; *People* v. *Rivera,* 54 P.R.R. 581; *People* v. *Mercado,* 54 P.R.R. 859; *Ex parte Oropesa,* 55 P.R.R. 274; *Ex parte Rodríguez,* 55 P.R.R. 403; *Ex parte Resto Miranda,* 55 P.R.R. 700; *People* v. *Muriel,* 57 P.R.R. ——and *Dijols* v. *Lugo, ante,* page 5. But each case must be judged and decided in accordance with its peculiar facts and circumstances, and those which appear in the case at bar lead us to the same conclusion at which the trial judge arrived, without it implying in any manner that we have altered in the least the doctrine established in the above mentioned cases.

The only error assigned not having been committed, we must, for the reasons set out above, dismiss these appeals and affirm the judgments appealed from.